MDR

WO

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Orin Kristich,
Petitioner,
v.
Warden J. Gunther, et al.,
Respondents.

No. CV-26-06702-PHX-JAT (DMF)

**ORDER**

Self-represented Petitioner Orin Kristich, who is confined in the Federal Correctional Institution-Phoenix, filed an Emergency Writ of Habeas Corpus (Doc. 1) pursuant to 28 U.S.C. § 2241 and paid the filing fee. The Court will require an answer to the Petition.

## I. Petition

In his Petition, Petitioner names Warden J. Gunther and the Federal Bureau of Prisons as Respondents. He claims he has been subjected to "whistle-blower retaliation" in violation of his First Amendment rights; lost 41 days of good-time credits on January 13, 2026, in violation of his due process rights; and lost 27 days of good-time credits on April 27, 2026, in violation of his due process rights. He seeks immediate transfer to pre-release home confinement or application of his First Step Act time credits toward his supervised release; emergency medical care; restoration of his 68 days of lost good-time credits; and restoration of his final release date.

. . . .

Petitioner's retaliation claim and request for medical care relate to his conditions of confinement, rather than the validity or duration of his confinement. The claims would arise, if at all, under civil rights law, not habeas corpus law. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on the circumstances of confinement may be presented in a [civil rights] action.") (citation omitted). The Court, therefore, will dismiss without prejudice Petitioner's retaliation claim and request for medical care.

Because the Warden is the only proper Respondent, *see Doe v. Garland*, 109 F.4th 1188, 1197 (9th Cir. 2024), the Court will dismiss without prejudice Respondent Federal Bureau of Prisons. The Court will require Respondent Gunther to answer the Petition.

## II. Warnings

### A. Address Changes

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B. Copies

Petitioner must serve Respondent, or counsel if an appearance has been entered, a copy of every document he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

### C. Possible Dismissal

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Respondent Federal Bureau of Prisons is **dismissed without prejudice**.

(2) Petitioner's retaliation claim and request for medical care are **dismissed without prejudice**.

(3) The Clerk of Court must serve a copy of the Summons, the Petition (Doc. 1), and this Order upon the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure. The Clerk of Court must also send by certified mail a copy of the Summons, the Petition, and this Order to the United States Attorney General pursuant to Rule 4(i)(1)(B) and Respondent Gunther pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure.

(4) Respondent Gunther must answer the Petition within 20 days of the date of service. Respondent shall not file a dispositive motion in place of an answer without first showing cause as to why an answer is inadequate.

(5) Regarding courtesy copies of documents for chambers, Respondent is directed to review Section II(D) of the Court's Electronic Case Filing Administrative Policies and Procedures Manual, which requires that "a courtesy copy of the filing, referencing the specific document number, shall be printed directly from CM/ECF." CM/ECF Admin. Man. § II(D)(3) (emphasis added). *See* https://www.azd.uscourts.gov/sites/azd/files/adm%20manual.pdf.

(6) Petitioner may file a reply within 30 days from the date of service of the answer.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

(7) This matter is referred to Magistrate Judge Deborah M. Fine pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

Dated this 2nd day of November, 2026.

James A. Teilborg
Senior United States District Judge